**BERRY LAW PLLC**

745 FIFTH AVENUE, 5th Floor
NEW YORK, NEW YORK   10151
*Phone*  (212) 355-0777
*Fax*  (212) 750-1371

Eric W. Berry (NY)
*e-mail*   BerryLawPllc@gmail.com

June 14, 2023

*via the ECF system:*
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East, Courtroom 6C South
Brooklyn, New York 11201

Re:  *Maidenbaum v. Marcus*, Case No. 23 Civ. 3039 (KAM) (ARL)

Your Honor:

I am one of the attorneys for petitioner Shalom Maidenbaum in this action.  This letter is submitted in response to defendants' request for a pre-motion conference [ECF 15].

The Amended Complaint [ECF 14] alleges that defendants tortiously interfered with Maidenbaum's efforts to collect a judgment he obtained against Aaron Fischman (First Claim) and aided and abetted fraudulent conveyances by Fischman and conspired with Fischman to defraud Maidenbaum ("Second Claim").  The Amended Complaint alleges, *inter alia*, that defendants agreed to compensate Fischman for common stock that Fischman held in Cardis' successor, Ultimax Digital, Inc., by – rather than paying for the stock in cash – instead paying fees that Fischman owed to his criminal defense lawyers, Kasowitz, Benson & Torres, LLP.  As a result of this scheme, Fischman was able to dispose of that stock (which Maidenbaum was attempting to execute upon) in exchange for consideration in a form that Maidenbaum *could not* execute upon, *i.e.*, the purchase of legal services for Fischman's benefit.

According to defendants' request for a pre-motion conference, the principal arguments for dismissal will be:  (1) that the Maidenbaum's claims are illogical since he alleges that Fischman transferred his Ultimax stock to Marcus in 2018, three years prior to Marcus' 2022 payments to Kasowitz; (2) that Maidenbaum has not adequately alleged that Ellen Marcus' acted knowingly when she made the transfers to Kasowitz; and (3) a lack of *in personam* jurisdiction. The arguments are meritless.

While the Amended Complaint alleges that Ultimax was formed in 2018, it also alleges that the stock transfers to trusts controlled by Marcus continued into late 2022, shortly after the Marcuses' payments to Kasowitz.  AC [ECF 14], ¶29(c), ¶33 and ¶34.  In fact, Ultimax's SEC filings, which are referenced in the Amended Complaint [ECF 14], at ¶29, ¶29(c) and ¶34, and therefore can be considered in opposition to a motion to dismiss (*DuBois v. Beury*, 2022 WL 1701497, *2 n.1 (2d Cir., May 27, 2022), show that as of June 30, 2022, the Pamar, Jomar and

Hon. Kiyo A. Matsumoto
August 3, 2022
Page 2

Symar Trusts were not part of a control group of Ultimax shareholders, while by September 30, 2022), those trusts had acquired stock and become part of the control group.  That means that the Pamar, Jomar and Symar trusts received their Ultimax stock within the same four month period in which Ellen Marcus made the payments to Kasowitz.

The argument that Ellen Marcus made the payments to Kasowitz' unaware that her husband agreed to pay Kasowitz's fees is irrelevant at the pleading stage since a person is "presumed to intend the natural and probable consequence of h[er] acts[.]"  *Sandstrom v. Montana*, 442 U.S. 510, 515 (1979).  Getting Kasowitz paid without requiring Fischman to monetize his Ultimax holdings (which would have permitted Maidenbaum to execute upon the money) and exchanging Fischman's Ultimax holdings (which were also subject to execution) for legal services (which could not be executed upon), naturally assisted Fischman's efforts to evade Maidenbaum's collection efforts.

Finally, the complaint contains particularized allegations regarding the wire transfers by the Marcuses into Kasowitz' New York bank account that underlying the claims.  Those allegations are a sufficient basis for this Court's assertion of in *personam jurisdiction* under the long-arm statute, CPLR 302.  *FIA Leveraged Fund Ltd. v. Grant Thornton LLP*, 150 A.D.3d 492, 493-494, 56 N.Y.S.3d 12, 16 (1st Dept. 2017);  *Zottola v. AGI Group, Inc.*, 63 A.D.3d 1052, 1054, 882 N.Y.S.2d 445, 447 (2d Dept. 2009); *Dale v. Banque SCS Alliance S.A.*, 2005 WL 2347853, *3 (S.D.N.Y. Sept. 22, 2005).

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Eric W. Berry
Eric W. Berry

cc: Asher Perlin, Esq. (by ECF)
    Elliot Blumenthal, Esq. (by ECF)