# Exhibit I

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------X

SHALOM S. MAIDENBAUM,

                Plaintiff,                Case No. 23 Civ.  3039 (KAM) (ARL)

  - against -

SEYMOUR H. MARCUS aka
SY H. MARCUS and ELLEN REA
MARCUS,                          **NOTICE OF INTENTION TO**
                Defendants.       **TO SERVE  SUBPOENAS**

-----------------------------------------------X

        PLEASE TAKE NOTICE that plaintiff Shalom S. Maidenbaum intends to serve the

annexed subpoenas.

Dated:  New York, New York         Berry Law PLLC
         September 26,  2023           /s/Eric W. Berry
                              By: _____
                                Eric W. Berry [EB 8598]

                            745 Fifth Avenue, 5th Floor
                            New York, New York    10151
                            (212) 355-0777
                            berrylawpllc@gmail.com

                            Law Offices of Elliot J. Blumenthal, PLLC
                                /s/Elliot J. Blumenthal
                            By: _____
                                Elliot J. Blumenthal [EB 3438]
                            483 Chestnut Street
                            Cedarhurst, New York 11516
                            (516) 295-0903
                            elliot@eblumenthallaw.com

                            *Attorneys for plaintiff Shalom S. Maidenbaum*

*Service List:*

Law Offices of Asher Perlin
4600 Sheridan Street, Suite 303
Hollywood, Florida 33021
786-687-0404
asher@asherperlin.comm

Levi Huebner & Associates, PC
488 Empire Blvd Ste 100
Brooklyn, New York 11225
(212) 354-5555
newyorklawyer@msn.com


*Attorneys for defendants*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| SHALOM S. MAIDENBAUM | ) |
| _Plaintiff_ | ) |
| v. | )   Civil Action No.   23 Civ. 3039 (KAM) (ARL) |
| SEYMOUR H. MARCUS aka | ) |
| SY H. MARCUS et ano. | ) |
| _Defendant_ | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Blue Foundry Bank, 19 Park Avenue, Rutherford, New Jersey

_(Name of person to whom this subpoena is directed)_

☑ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: the Material Requested on the Annexed Schedule of Requested Documents

| Place: Berry Law  PLLC, 745 Fifth Avenue, 5th Floor New York, New York  10151 email to berrylawpllc@gmail.com | Date and Time: 10/14/2023 10:00 am |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      09/26/2023

CLERK OF COURT

OR

_____          _____
_Signature of Clerk or Deputy Clerk_                    _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_      plaintiff
Shalom Maidenbaum                                                    , who issues or requests this subpoena, are:

Eric Berry, 745 Fifth Avenue, 5th Fl., New York, New York  10151, berrylawpllc@gmail.com, 212-355-0777

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE OF REQUESTED DOCUMENTS

### DEFINITIONS

(1) Communication**.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document**.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5) Parties**.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

### RULES OF CONSTRUCTION

(1) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

### DEMANDS TO BLUE FOUNDRY BANK

1.  For each of the bank check copied on the  Bates-numbered documents KBT000030-KBT000031 attached as Exhibit A (*i.e.,* checks dated August 11, 2021 and August 12, 2021) ("Check"), produce:

(a)     Documents and communications concerning the identity of the person or entity who requested the check.

(b)  Documents and communications concerning the identity or entity to whom the check was given, provide and/or delivered.

- and-

(c)  Documents and communications concerning how the check was paid for, including but not limited to any account number that was debited to pay for the check and the owner of each such account.

2.  Account statements, withdrawal and deposit slips, checks, wire transfer requests and advises for Blue Foundry Account No. 1002674851 for the period July 1, 2021 through January 31, 2023, account holder Aurora 1 Equities Trust.

3.  Signature cards, account opening resolutions, signatory authorization and new account documents for  Blue Foundry Account No. 1002674851.

**Blue Foundry Bank**
19 Park Avenue
Rutherford, NJ 07070

**Bank Check**

31614

55-7135 / 2212

August 11, 2021

Pay to the
Order of:    Kasowitz, Benson, Torres LLP

$185,000.00

One Hundred Eighty-Five Thousand and 00/100*********************

## NON-NEGOTIABLE

Memo

CUSTOMER COPY



**Blue Foundry Bank**
19 Park Avenue
Rutherford, NJ 07070

**Bank Check**

31614

55-7135 / 2212

August 11, 2021

Pay to the
Order of:    Kasowitz, Benson, Torres LLP

$185,000.00

One Hundred Eighty-Five Thousand and 00/100*********************

$25,000.00 and over requires two signatures

Authorized Signature

Authorized Signature

Memo

⑈031614⑈

KBT000030

**Blue Foundry Bank**
19 Park Avenue
Rutherford, NJ 07070

**Bank Check**

31698

55-7135 / 2212

August 12, 2021

Pay to the
Order of: Kasowitz, Benson, Torres LLP

$65,000.00

Sixty-Five Thousand and 00/100************************************

$25,000.00 and over requires two signatures

Authorized Signature

Authorized Signature

Memo *Retainer Aaron Fischren*

⑈031698⑈ ⑈:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23 Civ. 3039 (KAM) (ARL)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of New York

| | |
|---|---|
| SHALOM S. MAIDENBAUM | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  23 Civ. 3039 (KAM) (ARL) |
| SEYMOUR H. MARCUS aka | ) |
| SY H. MARCUS et ano. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:               Cohen, LaBarbera & Landrigan, LLP
               99 Brookside Avenue, Chester, New York  10918
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: the Material Requested on the Annexed Schedule of Requested Documents

| Place: Berry Law  PLLC, 745 Fifth Avenue, 5th Floor New York, New York  10151 email to berrylawpllc@gmail.com | Date and Time: 10/14/2023 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/26/2023

CLERK OF COURT

OR                    *Eric Berry*

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    plaintiff
Shalom Maidenbaum                    , who issues or requests this subpoena, are:

Eric Berry, 745 Fifth Avenue, 5th Fl., New York, New York  10151, berrylawpllc@gmail.com, 212-355-0777

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE OF REQUESTED DOCUMENTS

### DEFINITIONS

(1) Communication**.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document**.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5) Parties**.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

### RULES OF CONSTRUCTION

(1) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

### DEMANDS TO COHEN, LABARBERA & LANDRIGAN

1.   For each of the wire transfers reflected on the annexed Bates-numbered documents KBT000032-KBT000045 annexed as Exhibit A (*i.e.,* wires sent on 21-Oct-21, 04-Nov-2021, 29-Nov-2021, 16-Dec-2021, 31-Dec-2021, 15-Apr-2022, 25-May-2022) (hereinafter, "Wire

Transfer" (singular) or "the Wire Transfers" (plural)), produce:

    (a)    Documents and communications concerning the request for a Wire Transfer.

    (b)   Documents and communications concerning standing instructions that a Wire Transfer or Wire Transfers be made to Kasowits, Benson & Torres, LLP for the benefit or account of Aaron Fischman, or to pay Fischman's attorneys fees.

    (c)   Documents and communications concerning emails requesting that a Wire Transfer be made to Kasowits, Benson & Torres, LLP for the benefit or account of Aaron Fischman, or to pay Fischman's attorneys fees.

    (d)   Documents and communications sufficient to identify each person or entity that requested the Wire Transfers or any Wire Transfer.

    - and -

    (e)   Documents and communications Documents sufficient to identify each person or entity that paid the amount or amounts into the Cohen, LaBarbera & Landrigan LLP IOLA account that was the source of the funds transmitted to Kasowitz, Benson & Torres, LLP.

2.   Documents concerning  communications  with the defendants regarding Kasowitz, Benson & Torres, LLP bills for fees incurred on behalf of Aaron Fischman, or requests for the payment of those bills.

3.   Documents concerning communications  with defendants, Aaron Fischman, Nina Fischman, Levi Huebner, Joel Landau and/or Lawrence Katz regarding the Kasowitz, Benson & Torres, LLP  bills for fees incurred on behalf of Aaron Fischman, or requests for the payment of those bills.

4.   Documents and communications concerning invoices rendered by Cohen, LaBarbera & Landrigan LLP to Aaron Fischman, Nina Fischman, Choshen Israel, LLC aka Chosen Israel, LLC and/or Cardis Enterprises International, B.V., Cardis Enterprises International, N.V. and/or Cardis Enterprises International (USA), Inc. (jointly and singularly, "Cardis"). Plaintiffs agree that any description of services can be redacted.

5.   Documents and communications concerning payments made to Cohen, LaBarbera & Landrigan LLP or any designee of that firm by Aaron Fischman, Nina Fischman, Choshen Israel, LLC aka Chosen Israel, LLC and/or Cardis including payments made by means of the transfer of corporate stock, interests in business entities, debt or equity interests and or luxury items or collectibles.

10.   Documents and communication concerning payments made to Levi Huebner & Associates, PC and/or Capetola Divins, PC on behalf of Aaron Fischman, Nina Fischman and/or Chosen Israel, LLC aka Choshen Israel, LLC.

Subject: "Citibank Funds Transfer Confirmation"
Date:     10/21/2021 3:33 PM
From:    "FT ADVICE" <FT_advice@Citi.com>
To:       "EItskovich@kasowitz.com" <EItskovich@kasowitz.com>

---

Citibank New York Confirmation

Value Date:21-Oct-21
Amount Paid:USD 50000.00
Citibank GID Reference:F01129408ADB01
Sys Ref In:IMAD20211021GMQFMP01021617
Sys Ref Out:Not Provided

Transfer Requested By:
COHEN LABARBERA & LANDRIGAN LLP
ATTORNEY TRUST ACCOUNTIOLA FUND OF
CHESTER NY 10918


Through Ordering Bank:
STERLING NATIONAL BANK
1
NEW YORK NY 12345


Paid to Citibank NY Through:
Not Provided




Paid by Citibank NY To:
Not Provided




Through Beneficiary's Bank:
Not Provided




For Final Payment To:
KASOWITZ BENSON TORRES
1633 BROADWAY
NEW YORK NY 10019-6708


about:blank

KBT000032

Details for Beneficiary:
AARON FISCHMAN, EDWARD MCNALLY

Bank to Bank Information:

Instructing Party's Reference:
2219704431854786Beneficiary's Reference:
Not Provided
This is a confirmation of a Funds Transfer processed by Citibank N.A., New York.
Confirmation Sent:21-Oct-2021 15:32 EST

Notice to recipient:
This message is meant for only the intended recipient of the transmission,
and may be a communication privileged by law. If you received this message
in error, any review, use, dissemination, distribution or copying of this
information is strictly prohibited.
=10211933 NA HAX13537

KBT000033

Subject:   "Citibank Funds Transfer Confirmation"
Date:      11/4/2021 1:25 PM
From:      "FT ADVICE" <FT_advice@Citi.com>
To:        "EItskovich@kasowitz.com" <EItskovich@kasowitz.com>

Citibank New York Confirmation

Value Date:04-Nov-21
Amount Paid:USD 40000.00
Citibank GID Reference:F0113080626B01
Sys Ref In:IMAD20211104GMQFMP01014189
Sys Ref Out:Not Provided

Transfer Requested By:
COHEN LABARBERA & LANDRIGAN LLP
ATTORNEY TRUST ACCOUNTIOLA FUND OF
CHESTER NY 10918

Through Ordering Bank:
STERLING NATIONAL BANK
1
NEW YORK NY 12345

Paid to Citibank NY Through:
Not Provided

Paid by Citibank NY To:
Not Provided

Through Beneficiary's Bank:
Not Provided

For Final Payment To:
KASOWITZ BENSON TORRES
1633 BROADWAY
NEW YORK NY 10019-6708

KBT000034
2/10/2023

Details for Beneficiary:
AARON FISCHMAN, EDWARD MCNALLY

Bank to Bank Information:

Instructing Party's Reference:
2219704431866998Beneficiary's Reference:
Not Provided
This is a confirmation of a Funds Transfer processed by Citibank N.A., New York.
Confirmation Sent:04-Nov-2021 13:22 EST

Notice to recipient:
This message is meant for only the intended recipient of the transmission,
and may be a communication privileged by law. If you received this message
in error, any review, use, dissemination, distribution or copying of this
information is strictly prohibited.
=11041722 NA HRU48429

KBT000035

Subject:  "Citibank Funds Transfer Confirmation"
Date:     11/29/2021 3:11 PM
From:     "FT ADVICE" <FT_advice@Citi.com>
To:       "EItskovich@kasowitz.com" <EItskovich@kasowitz.com>

---

Citibank New York Confirmation

Value Date:29-Nov-21
Amount Paid:USD 60000.00
Citibank GID Reference:F0113330A17A01
Sys Ref In:IMAD20211129GMQFMP01026442
Sys Ref Out:Not Provided

Transfer Requested By:
COHEN LABARBERA & LANDRIGAN LLP
ATTORNEY TRUST ACCOUNTIOLA FUND OF
CHESTER NY 10918

Through Ordering Bank:
STERLING NATIONAL BANK
1
NEW YORK NY 12345

Paid to Citibank NY Through:
Not Provided

Paid by Citibank NY To:
Not Provided

Through Beneficiary's Bank:
Not Provided

For Final Payment To:
KASOWITZ BENSON TORRES
1633 BROADWAY
NEW YORK NY 10019-6708

about:blank

2/10/2023
KBT000036

Details for Beneficiary:
AARON FISCHMAN, EDWARD MCNALLY

Bank to Bank Information:

Instructing Party's Reference:
2219704431884308Beneficiary's Reference:
Not Provided
This is a confirmation of a Funds Transfer processed by Citibank N.A., New York.
Confirmation Sent:29-Nov-2021 15:11 EST

Notice to recipient:
This message is meant for only the intended recipient of the transmission,
and may be a communication privileged by law. If you received this message
in error, any review, use, dissemination, distribution or copying of this
information is strictly prohibited.
=11292011 NA JSQ45183

KBT000037

Subject: "Citibank Funds Transfer Confirmation"
Date:     12/16/2021 3:59 PM
From:     "FT ADVICE" <FT_advice@Citi.com>
To:       "EItskovich@kasowitz.com" <EItskovich@kasowitz.com>

---

Citibank New York Confirmation

Value Date:16-Dec-21
Amount Paid:USD 97500.00
Citibank GID Reference:F0113500A9B901
Sys Ref In:IMAD20211216GMQFMP01027331
Sys Ref Out:Not Provided

Transfer Requested By:
COHEN LABARBERA & LANDRIGAN LLP
ATTORNEY TRUST ACCOUNTIOLA FUND OF
CHESTER NY 10918

Through Ordering Bank:
STERLING NATIONAL BANK
1
NEW YORK NY 12345

Paid to Citibank NY Through:
Not Provided

Paid by Citibank NY To:
Not Provided

Through Beneficiary's Bank:
Not Provided

For Final Payment To:
KASOWITZ BENSON TORRES
1633 BROADWAY
NEW YORK NY 10019-6708

about:blank

Details for Beneficiary:
AARON FISCHMAN, EDWARD MCNALLY


Bank to Bank Information:



Instructing Party's Reference:
2219704431899995Beneficiary's Reference:
Not Provided                          .
This is a confirmation of a Funds Transfer processed by Citibank N.A., New York.
Confirmation Sent:16-Dec-2021 15:59 EST


Notice to recipient:
This message is meant for only the intended recipient of the transmission,
and may be a communication privileged by law. If you received this message
in error, any review, use, dissemination, distribution or copying of this
information is strictly prohibited.
=12162059 NA KPG08735

KBT000039

Subject: "Citibank Funds Transfer Confirmation"
Date:     12/31/2021 11:57 AM
From:     "FT ADVICE" <FT_advice@Citi.com>
To:       "EItskovich@kasowitz.com" <EItskovich@kasowitz.com>

---

Citibank New York Confirmation

Value Date:31-Dec-21
Amount Paid:USD 40000.00
Citibank GID Reference:F0113650D83601
Sys Ref In:IMAD20211231GMQFMP01010072
Sys Ref Out:Not Provided

Transfer Requested By:
COHEN LABARBERA & LANDRIGAN LLP
ATTORNEY TRUST ACCOUNTIOLA FUND OF
CHESTER NY 10918


Through Ordering Bank:
STERLING NATIONAL BANK
1
NEW YORK NY 12345


Paid to Citibank NY Through:
Not Provided




Paid by Citibank NY To:
Not Provided




Through Beneficiary's Bank:
Not Provided




For Final Payment To:
KASOWITZ BENSON TORRES
1633 BROADWAY
NEW YORK NY 10019-6708

KBT000040

Details for Beneficiary:
AARON FISCHMAN, EDWARD MCNALLY

Bank to Bank Information:

Instructing Party's Reference:
2219704431913414Beneficiary's Reference:
Not Provided
This is a confirmation of a Funds Transfer processed by Citibank N.A., New York.
Confirmation Sent:31-Dec-2021 11:57 EST

Notice to recipient:
This message is meant for only the intended recipient of the transmission,
and may be a communication privileged by law. If you received this message
in error, any review, use, dissemination, distribution or copying of this
information is strictly prohibited.
=12311657 NA LEW42796

about:blank

2/10/2023

KBT000041

Subject:  "Citibank Funds Transfer Confirmation"
Date:     4/15/2022 9:38 AM
From:     "FT ADVICE" <FT_advice@Citi.com>
To:       "EItskovich@kasowitz.com" <EItskovich@kasowitz.com>

---

Citibank New York Confirmation

Value Date:15-Apr-22
Amount Paid:USD 25000.00
Citibank GID Reference:F012105024A501
Sys Ref In:IMAD20220415GMQFMP01003473
Sys Ref Out:Not Provided

Transfer Requested By:
COHEN LABARBERA & LANDRIGAN LLP
ATTORNEY TRUST ACCOUNTIOLA FUND OF
CHESTER NY 10918


Through Ordering Bank:
WEBSTER BANK, N.A.
1959 SUMMER STREET
STAMFORD CT 06905


Paid to Citibank NY Through:
Not Provided




Paid by Citibank NY To:
Not Provided




Through Beneficiary's Bank:
Not Provided




For Final Payment To:
KASOWITZ BENSON TORRES
1633 BROADWAY
NEW YORK NY 10019-6708

KBT000042

2/10/2023

Details for Beneficiary:
AARON FISCHMAN, EDWARD MCNALLY

Bank to Bank Information:

Instructing Party's Reference:
2219704431995074Beneficiary's Reference:
Not Provided
This is a confirmation of a Funds Transfer processed by Citibank N.A., New York.
Confirmation Sent:15-Apr-2022 09:37 EST

Notice to recipient:
This message is meant for only the intended recipient of the transmission,
and may be a communication privileged by law. If you received this message
in error, any review, use, dissemination, distribution or copying of this
information is strictly prohibited.
=04151338 NA RAZ35749

2/10/2023

KBT000043

Subject:  "Citibank Funds Transfer Confirmation"
Date:     5/25/2022 1:25 PM
From:     "FT ADVICE" <FT_advice@Citi.com>
To:       "EItskovich@kasowitz.com" <EItskovich@kasowitz.com>

---

Citibank New York Confirmation

Value Date:25-May-22
Amount Paid:USD 64000.00
Citibank GID Reference:F01214506B4501
Sys Ref In:IMAD20220525GMQFMP01014766
Sys Ref Out:Not Provided

Transfer Requested By:
COHEN LABARBERA & LANDRIGAN LLP
ATTORNEY TRUST ACCOUNTIOLA FUND OF
CHESTER NY 10918


Through Ordering Bank:
WEBSTER BANK, N.A.
1959 SUMMER STREET
STAMFORD CT 06905


Paid to Citibank NY Through:
Not Provided




Paid by Citibank NY To:
Not Provided




Through Beneficiary's Bank:
Not Provided




For Final Payment To:
KASOWITZ BENSON TORRES
1633 BROADWAY
NEW YORK NY 10019-6708

KBT000044

Details for Beneficiary:
AARON FISCHMAN, EDWARD MCNALLY

Bank to Bank Information:

Instructing Party's Reference:
2219704432023339Beneficiary's Reference:
Not Provided
This is a confirmation of a Funds Transfer processed by Citibank N.A., New York.
Confirmation Sent:25-May-2022 13:14 EST

Notice to recipient:
This message is meant for only the intended recipient of the transmission,
and may be a communication privileged by law. If you received this message
in error, any review, use, dissemination, distribution or copying of this
information is strictly prohibited.
=05251715 NA SYJ02876

KBT000045

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23 Civ. 3039 (KAM) (ARL)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
   **(i)** is a party or a party's officer; or
   **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
   **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
   **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
   **(i)** fails to allow a reasonable time to comply;
   **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
   **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
   **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
   **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

   **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
   **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
   **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   **(i)** expressly make the claim; and
   **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of New York

| | |
|---|---|
| SHALOM S. MAIDENBAUM | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 23 Civ. 3039 (KAM) (ARL) |
| SEYMOUR H. MARCUS aka | ) |
| SY H. MARCUS et ano. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Sheppard, Mullin, Richter & Hampton LLP, Attn. Richard Friedman, Esq.
         30 Rockefeller Plaza, New York, New York 10112

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: the Material Requested on the Annexed Schedule of Requested Documents

| Place: Berry Law  PLLC, 745 Fifth Avenue, 5th Floor<br>New York, New York  10151<br>email to berrylawpllc@gmail.com | Date and Time:<br><br>10/14/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    09/26/2023

CLERK OF COURT

                               OR

_____       _____
*Signature of Clerk or Deputy Clerk*                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   plaintiff
Shalom Maidenbaum                                  , who issues or requests this subpoena, are:
Eric Berry, 745 Fifth Avenue, 5th Fl., New York, New York  10151, berrylawpllc@gmail.com, 212-355-0777

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE OF REQUESTED DOCUMENTS

### DEFINITIONS

(1) Communication**.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document**.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5) Parties**.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

### RULES OF CONSTRUCTION

(1) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

### DEMANDS TO SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

1.    Documents and communications concerning the ownership, purchase, sale, transfer, issuance or distribution of Ultimax Digital, Inc. fka Ultimas, Inc. ("Ultimax").

2.   Documents and communications concerning the Stockholders' Agreement, dated as of September 20, 2022, cited in the Form S-1 Registration Statement under the Securities Act of 1933 ("Form S-1") filed with the Securities Exchange Commission ("SEC") on September 22, 2022.

3. Copies of the share certificates for the stock listed under "Selling Stockholders" in the column with the heading "Number of Shares of Common Stock Owned Prior to Offering" in Amendment 6 to Ultimax Form S-1 filed on January 27, 2023.

4.   Documents and communications concerning any corporate records, minute books, certificates, by-laws, directors' meetings, directors' meeting  minutes, shareholder votes or shareholder consents in lieu of meeting  and/or stock registers for Ultimax.

5.   Documents and communications concerning lists of current, then-current or past Ultimax stockholders.

6.   Documents and communications concerning the formation of Ultimax, including but not limited to, filings or correspondence with the Delaware Secretary of State Division of Corporations.

7.   Documents sufficient to identify the sources of all funds of capital contributions paid into Ultimax from its inception to date.

8.   Documents and concerning any distributions, sale or issuance of Ultimax stock between September 22, 2022 when Ultimax filed its Form S-1 with the SEC and January 27, 2023 when Ultimax filed Amendment 6 to the Form S-1.

9.   Documents and communications concerning any fee agreement between Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin") for preparing, approving, filing, or participating in the foregoing activities, documents that Ultimax submitted or intended to submit to the SEC.

10.  Documents concerning communications with Aaron Fischman and/or Nina Fishman relating to Ultimax, including but not those relating to Ultimax's  Form S-1 and the six amended Form S-1s filed with the SEC in 2022 and 2023.

11.  Documents concerning communications with Seymour aka Sy Marcus, Ellen Marcus, Rose Romano, Joel Landau and/or Hyman Stramer relating to Ultimax, including but not those relating to Ultimax's  Form S-1 and the six amended Form S-1s filed with the SEC in 2022 and 2023 and/or the ownership, purchase, sale, issuance, offering or Ultimax stock.

12.  Documents and communications concerning any written descriptions of intellectual property owned or licensed by Ultimax, including but not limited to, patents, trademarks, copyrights and source code agreements.

13. Documents and communications concerning agreements between Ultimax and Miki

Radivojsa and/or Airos Group, Inc., any invoices from Radivojsa or Airos submitted to Ultimax, work done by Radivojsa or Airos for Ultimax, or payments made by Ultimax to Radivojsa or Airos.

14.  Documents and communications concerning any agreements between, on one side, Cardis Enterprises International, B.V., Cardis Enterprises International, N.V. and/or Cardis Enterprises International (USA), Inc. (jointly and singularly, "Cardis") and, on the other, Ultimax.

15.  Documents and communications ons concerning any agreements by any existing Ultimax shareholders to purchase additional Ultimax stock or sell Ultimax stock.

16.  Documents or communications concerning any trustee and or control person for Level Up Revocable Trust, Level Up Revocable Trust, Copper Trust, SMB Trust, Gideon 718 Equity Trust, Aurora 1 Equity Trust, Jomar Irrevocable Trust, Pamar Irrevocable Trust and Symar Irrevocable Trust.

17.  Documents and communications concerning any employment agreement executed or concluded by Ultimax.

18.  Documents and communications concerning the identity of the directors and/or officers of Ultimax.

19.  Documents and communications concerning any subscription agreements executed by past, present or possible future investors in Ultimax.

20.  Documents and communications concerning any subscription agreements executed by past, present or possible future investors in Ultimax.

21.  Documents and communications concerning any contractual commitments by existing Ultimax shareholders to sell stock to new investors.

22.  Document and communications concerning management set asides, stock option plans or other possible means of compensating Ultimax employees and/or officers by transfer of Ultimax stock.

23.  Documents and communications concerning plans to sell put or call option relating to Ultimax stock.

24.  Documents and communications concerning plans approve or offer class of preferred Ultimax stock or Ultimax stock that provides for liquidation preferences to those held by the common stock and/or claim on Ultimax's assets that is superior to that held by the owners of the common shares.

25.  Documents and communications concerning existing notes or debentures convertible

to  Ultimax common stock, or plans to issue such convertible notes or debentures.

  26.  Notes of interviews Shepard Mullin conducted with current or past officers, directors, investors, shareholder and or employees of Ultimax in connect with Ultimax's Form S-1 or the amendments to that Form S-1.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   23 Civ. 3039 (KAM) (ARL)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                     _____
                                                              *Server's signature*

                                                    _____
                                                              *Printed name and title*

                                                    _____
                                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c)  Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Eastern District of New York

| | |
|---|---|
| SHALOM S. MAIDENBAUM | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.  23 Civ. 3039 (KAM) (ARL) |
| SEYMOUR H. MARCUS aka SY H. MARCUS et ano. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:        Steven LaBarbera, c/o Cohen, LaBarbera and Landrigan, LLP
99 Brookside Ave, Chester, New York  10918

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  the Material Requested on the annexed Schedule of Requested Documents

| Place: Berry Law PLLC, 745 Fifth Avenue, 5th Floor New York, New York  10151 email to berrylawpllc@gmail.com | Date and Time: 10/14/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:        09/26/2023

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | OR | *[signature]* |
| _____ Signature of Clerk or Deputy Clerk | | _____ Attorney's signature |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*        plaintiff
Shalom Maidenbaum                                    , who issues or requests this subpoena, are:
Eric Berry, 745 Fifth Avenue, 5th Floor, New York, New York  10151, berrylawpllc@gmail.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE OF REQUESTED DOCUMENTS

### DEFINITIONS

(1) Communication**.** The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(2) Document**.** The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of this term.

(3) Identify (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(4) Identify (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

(5) Parties**.** The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

(6) Person. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

(7) Concerning. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

### RULES OF CONSTRUCTION

(1) All/Any/Each. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

(2) And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

(3) Number. The use of the singular form of any word includes the plural and vice versa.

### DEMANDS TO STEVEN  LABARBERA

1.    Documents and communications concerning stock shares in Ultimax Digital, Inc. fka Ultimas, Inc. ("Ultimax") owned by Steven LaBarbera either individually or jointly with Mary LaBarbera.

2.   Copies of the share certificates for any Ultimax common stock held by Steven LaBarbera either individually or with Mary LaBarbera.

3.   Documents reflecting the consideration provided by any Steven LaBarbera for any Ultimax stock he owns, owned or acquired,  including but not limited to consideration in the form of cash or money transfers, equity or debt instruments, barter or in-kind exchanges and/or legal services provided to the seller or issuer either by Steven LaBarbera individually or Cohen, LaBarbera & Landrigan, LLP.

4.   Documents and communications concerning Steven LaBarbera's purchase, acquisition and/or sale of Ultimax stock.

5.   Documents and communications concerning the solicitation of Steven LaBarbera's investment in Ultimax.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23 Civ. 3039 (KAM) (ARL)

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).