# LEVI HUEBNER & ASSOCIATES, PC

### ATTORNEYS AND COUNSELORS AT LAW
### 488 EMPIRE BOULEVARD, SUITE 100
### BROOKLYN, NY 11225
### TEL: (212) 354-5555
### FAX: (718) 636-4444
### EMAIL: NEWYORKLAWYER@MSN.COM

October 13, 2023

Honorable Kiyo A. Matsumoto
United States District Court, Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11202

Re: **Maidenbaum v. Marcus, 2:23-cv-03039-KAM-ARL**

Honorable Judge Matsumoto:

We represent the Defendants, Seymour H. Marcus aka Sy H. Marcus and Ellen Rea Marcus. The Defendants respectfully request that the Court reconsider the posture of this case (Electronic Order Dated August 23, 2023) to address two intervening bankruptcies and jurisdictional issues, alternatively schedule a briefing regarding the Defendants' pre-answer motion [ECF 15 & 22].[1]

The entire Amended Complaint hedges on two confessions of judgment that Aaron Fischman has purportedly signed for Shalom Maidenbaum. (ECF 14 ¶¶ 11-12)[2] (the "Judgments"). Both of these Judgments name Choshen Israel, LLC ("Choshen") and Aaron Fischman ("Fischman") as parties. Plaintiff, herein, claims that Defendants somehow committed tortious interference with the enforcement of these Judgments, by advancing money to pay for Fischman's attorneys, Kasowitz, Benson & Torres, LLP ("Kasowitz") in exchange for stock in Ultimax Digital, Inc. ("Ultimax").

On August 2, 2023, Choshen filed for bankruptcy; the case number is 23-35636-cgm (Bankr. SDNY) (the "Choshen Bankruptcy"). On August 10, 2023, Fischman filed for bankruptcy; the case number is 23-35660-cgm (Bankr. SDNY) (the "Fischman Bankruptcy"). Both bankruptcies were filed

---

[1] The Rule 26(f) Report [ECF 26] has November 9, 2023 as the date for the Defendants to file a pre-answer motion.

[2] The amended complaint alleges: 11. "Maidenbaum is a judgment creditor of Cardis Enterprises International B.V., Cardis Enterprises International N.V., Cardis Enterprises International (USA) Inc. and Aaron Fischman. The judgments, which were filed in the office of the Nassau County Clerk, are:

(A) *Maidenbaum v. Cardis Enterprises International, B.V., et al*., Index No. 604610/2016 in the principal amount of $2,576,446.78 jointly and severally against Cardis B.V., Cardis N.V., Cardis USA, Choshen Israel, LLC ("Choshen") and Aaron Fischman, entered on June 21, 2016.

- and -

(B) *Maidenbaum v. Cardis Enterprises International, B.V., et al*., Index No. 604766/2016 in the principal amount of $355,542.98 jointly and severally against Cardis B.V., Cardis N.V., Cardis USA, Choshen and Fischman, entered on June 28, 2016.

…

12. Including post-judgment (CPLR 5003) interest, the amount due under the judgment as of the filing of this complaint is $4,734,457.92. Each judgment is based on the failure to pay a promissory note…."

Page 1

in the Southern District of New York and are assigned to Judge Cecelia G. Morris. Attached as **Exhibit A** and **Exhibit B** are true copies of the notices of bankruptcy.

For at least two reasons the prosecution of the instant case is an "enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title," and therefore violates the automatic bankruptcy stay under 11 U.S.C. § 362(a)(2). *First*, plaintiff looks to enforce the Judgments stayed by the Choshen and Fischman Bankruptcies. *Second*, if, as Plaintiff alleges, Fischman transferred stock to the Defendants, that stock would be an asset of the Fischman bankruptcy estate that the Bankruptcy Court can rescind.

Plaintiff, Shalom Maidenbaum knows about both the Choshen and Fischman Bankruptcies. Attached as **Exhibit C, Exhibit D**, and **Exhibit E** are the notices of appearances filed on Plaintiff's behalf in the Fischman Bankruptcy.  Attached as **Exhibit F, Exhibit G**, and **Exhibit H** are the notices of appearances filed on Plaintiff's behalf in the Choshen Bankruptcy. Pursuant to § 362, this action is stayed by virtue of either or both bankruptcy proceedings.

This Court previously directed discovery in this matter prior to determining the sufficiency of the Amended Complaint.  Plaintiff served third-party subpoenas herein seeking information to enforce the Judgments stayed by the Fischman and Choshen Bankruptcies. For example, Plaintiff seeks from third parties:

- "Documents concerning communications with Aaron Fischman and/or Nina Fishman relating to Ultimax."

- "Documents and communications concerning standing instructions that a Wire Transfer or Wire Transfers be made to Kasowits (sic), Benson & Torres, LLP for the benefit or account of Aaron Fischman, or to pay Fischman's attorneys fees."

- "Documents and communications concerning emails requesting that a Wire Transfer be made to Kasowits  (sic), Benson & Torres, LLP for the benefit or account of Aaron Fischman, or to pay Fischman's attorneys fees."

- "Documents concerning communications with the defendants regarding Kasowitz, Benson & Torres, LLP bills for fees incurred on behalf of Aaron Fischman, or requests for the payment of those bills."

- "Documents concerning communications with defendants, Aaron Fischman, Nina Fischman, Levi Huebner, Joel Landau and/or Lawrence Katz regarding the Kasowitz, Benson & Torres, LLP bills for fees incurred on behalf of Aaron Fischman, or requests for the payment of those bills."

- "Documents and communications concerning invoices rendered by Cohen, LaBarbera & Landrigan LLP to Aaron Fischman, Nina Fischman, Choshen Israel, LLC aka Chosen Israel, LLC and/or Cardis Enterprises International, B.V., Cardis Enterprises International, N.V. and/or Cardis Enterprises International (USA), Inc. (jointly and singularly, "Cardis")...."

- "Documents and communications concerning payments made to Cohen, LaBarbera & Landrigan LLP or any designee of that firm by Aaron Fischman, Nina Fischman, Choshen Israel, LLC aka Chosen Israel, LLC and/or Cardis including payments made by means of the

- transfer of corporate stock, interests in business entities, debt or equity interests and or luxury items or collectibles."

- "Documents and communication concerning payments made to Levi Huebner & Associates, PC and/or Capetola Divins, PC on behalf of Aaron Fischman, Nina Fischman and/or Chosen Israel, LLC aka Choshen Israel, LLC."

- "Details for Beneficiary: AARON FISCHMAN."

Attached as **Exhibit I** are true copies of the subpoenas dated September 26, 2023, issued by Plaintiff in this action. The Plaintiff's subpoenas highlight the interconnection between this action and the Fischman and Choshen Bankruptcies. Plaintiff's subpoenas intrude into the affairs of Fischman and Choshen, two separate debtors who are protected by an automatic bankruptcy stay. This brings up the question whether the continuation of this case without obtaining relief from the bankruptcy court violates the automatic bankruptcy stays. "The automatic stay can apply to non-debtors, but normally does so only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v Nygard Intern.*, 321 F3d 282, 287-88 (2d Cir 2003). This case is just one of these circumstances.

While Plaintiff knowingly disregards the automatic stay, the Defendants cannot and will not ignore the automatic stay and be subject to sanctions in the bankruptcy actions. The risk of sanctions is brought into focus by the order directing discovery prior to Defendants' having leave to file a pre-answer motion to dismiss. If the Defendants are to properly defend themselves, they must pursue discovery regarding Fischman and Choshen in contravention of the bankruptcy stay, placing Defendants in violation of the law, 11 USC 362(a).

Moreover, the relationship between the instant case and the Fischman and Choshen Bankruptcies implicates the venue issue that is still unaddressed. Neither Defendant has any tie to the Eastern District of New York, as they were residents of Massachusetts and now are residents of Florida. The purported tortious interference with the Judgments is alleged in the amended complaint as having transpired in the Southern District of New York, when Defendants allegedly paid Kasowitz in exchange for stock in Ultimax. Neither Kasowitz nor Ultimax have any relationship with the Eastern District; both are located in the Southern District. Except for Choshen and Fischman allegedly being subject to Judgments entered in Nassau County, there is no basis for situating venue in the Eastern District. As such, Plaintiff's claim by virtue of using the Judgments of bankruptcy debtors, to situate venue before this Court in the Eastern District confirms that this action is stayed by the automatic stay of the Choshen and Fischman Bankruptcies.

Even if the Court were to ignore the Bankruptcies there is a pressing issue of whether discovery is even permissible. A complaint "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). A third party agreeing, as alleged in the complaint, "to pay fees for legal services provided by a New York law firm, Kasowitz, Benson & Torres, LLP, in defense of a criminal case prosecuted against Fischman" (ECF 14 ¶9.(b)) is not a breach of a judgment. "Conveyances which satisfy an antecedent debt made while the debtor is insolvent are neither fraudulent nor otherwise improper, even if their effect is to prefer one creditor over another." *Town of Southampton v. Chiodi*, 75 A.D.3d 604, 606, 907 N.Y.S.2d 25, 27 (2nd Dept. 2010).

In particular, Plaintiff's claim for tortious interference with a judgment arises from the failure to honor a notice under CPLR 5222 (ECF 14 ¶¶21, 25), and such allegation does not state a cause of action. The New York Court of Appeals ruled that Article 52 precludes "allegations of noncompliance with article 52 in the course of enforcing valid judgments to be recast into common-law tort claims." *Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 37 N.Y.3d 591, 605 (2021). The exclusive remedy for disobeying a notice issued under CPLR 5222 is a motion under Article 52 before the Court where the judgment is filed (see CPLR 5240). *Plymouth* dispels any independent tort action based on the interference with enforcement of a judgment. The Plaintiff cannot recover under any tort claim as an attempt to enforce Article 52.

Notwithstanding that there is no cause of action for tortious interference with enforcement of judgment in New York, the elements of tortious interference are simply not present in this case. See *138-77 Queens Blvd LLC v. Silver*, No. 22-CV-5155(KAM)(MMH), 2023 WL 4564796, at *8 (EDNY July 17, 2023) ("Under New York law, the elements of a tortious interference with contract claim are: (i) the existence of a contract; (ii) defendants' knowledge of that contract; (iii) defendants' intentional inducement of a breach of that contract; (iv) a breach; (v) but for the defendants' actions, that contract would not have been breached; and (vi) damages"). The amended complaint has no allegation that Defendants disrupted the Judgments from operation.

Also absent from the Amended Complaint is any indication that "but for the defendants' actions" Fischman would have chosen not to defend himself in a criminal proceeding, and instead, to pay that money to Plaintiff. Since "an exchange can be in good faith even if it constitutes a preferential repayment of preexisting debts to a transferee-creditor; the transferee knows that the transferor is preferring him over other creditors; and the preferred transferee knows that the transferor was insolvent." *Long Oil Heat, Inc. v. Spencer*, 375 F. Supp. 3d 175, 197 (N.D.N.Y. 2019). There is nothing in the amended complaint suggesting that the fees Fischman owed to Kasowitz to defend himself in a criminal proceeding were not an antecedent debt, thus requiring judgment as a matter of law dismissing the amended complaint. In other words, discovery cannot cure what is defeated on the face of the amended complaint. As such, accepting all the allegations in the amended complaint as true, there was nothing improper in any alleged conveyances by Defendants receipt of stock in exchange for paying for Fischman's criminal defense attorneys.

Wherefore, the Court should direct Plaintiff to obtain relief from the bankruptcy court prior to continuing prosecuting this case. Defendants cannot ignore 11 U.S.C. § 362(a). The pursuit of discovery into the affairs of Fischman and Choshen, and subpoenaing and deposing Fischman and Choshen for records is a violation of the stay. If the Court so requires, Defendants are prepared to brief the Court on the issues regarding the applicability of a stay to this matter.

        Respectfully submitted,

        / s / Levi Huebner

        _____

        By: Levi Huebner