# LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC

483 CHESTNUT STREET
CEDARHURST, NEW YORK 11516

------

(516) 295-0903
FAX: (516) 706-3963
*www.eblumenthallaw.com*

ELLIOT J. BLUMENTHAL
elliot@eblumenthallaw.com

October 27, 2023

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:    <u>Maidenbaum v. Marcus, et al.</u>
                  23-cv-03039-KAM-ARL

Dear Judge Matsumoto:

      I am co-counsel to the Plaintiff in the above-referenced case. We write in opposition to Defendants' letter-motion dated October 13, 2023 requesting that the Court "reconsider the posture of this case (Electronic Order dated August 23, 2023) to address two intervening bankruptcies and jurisdictional issues." Essentially, Defendants seek to extend a bankruptcy stay to this action despite the fact that none of the parties in this action are debtors in the two bankruptcy actions entitled, *In re Choshen Israel, LLC*, 23-35636-cgm (Bankr. SDNY) filed on August 2, 2023 (the "Choshen Bankruptcy"), and *In re Aaron Fischman*, 23-35660-cgm (Bankr. SDNY) filed on August 10, 2023 (the "Fischman Bankruptcy").

      Defendants mistakenly rely upon the decision in *Queenie, Ltd. v. NYGARD Int'l*, 321 F.3d 282 (2d Cir. 2003). That decision actually supports our position that a stay is not warranted. Although the automatic stay can apply to non-debtors, it "normally does so only when a claim against a non-debtor will have an immediate adverse economic consequence for the debtor's estate." *Queenie*, 321 F.3d at 287. No such immediate adverse economic consequence exists here. In fact, it is just the opposite. Any recovery by Plaintiff in this action will only help the two bankruptcy estates because it would reduce the amounts owed on the underlying judgments for which both bankruptcy debtors are jointly liable.

      Nor is there any non-immediate adverse impact that this case can have on the bankruptcy estates. The court in *Queenie* went on to state, "We have not located any decision applying the

stay to a non-debtor solely because of an apprehended later use against the debtor of offensive collateral estoppel or the precedential effect of an adverse decision. If such apprehension could support application of the stay, there would be vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants." *Queenie*, 321 F.3d at 288. Plaintiff already has judgments against Choshen and Fischman. Collateral estoppel is inapplicable here and there is no precedential effect that an adverse decision can have regarding either the Choshen Bankruptcy or the Fischman Bankruptcy.

A similar analysis was made recently in *Hong v. Mommy's Jamaican Market Corp.*, 2023 WL 3568807 (S.D.N.Y. May 18, 2023). There, the court analyzed *Queenie* and the "limited circumstances" where the bankruptcy stay can be extended to non-bankrupt parties, none of which apply here. "For example, a court may extend a stay to a non-debtor co-defendant when (a) 'a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate'; (b) the debtor has guaranteed the nondebtor's obligation; or (c) 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant.' " *Hernandez v. Immortal Rise, Inc.*, 2014 WL 991715, at *4 (E.D.N.Y. Mar. 13, 2014) (citations omitted). *Hong* at *2. As explained above, here there is no immediate adverse economic consequence. Nor have the bankruptcy debtors (Choshen and Fischman) guaranteed Defendants' obligations. And there is no such identity between the debtors and the Defendants in this case that the debtor may be said to be the real party defendant. Fischman and the Marcuses are separate individuals and the Marcuses do not have any interest in Choshen.

The Court in *Hong* went on to say that "'where the debtor and non debtor co-defendant are joint tortfeasors or where the nondebtor's liability rests upon his own breach of duty, a stay clearly cannot be extended to the non-debtor'. *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 262 (S.D.N.Y. 2012) (*quoting Variable-Parameter Fixture Development Corp. v. Morpheus Lights, Inc.*, 945 F.Supp. 603, 608 (S.D.N.Y.1996)); *Zavala v. Trece Corp.*, 2019 WL 8405574, at *1 (S.D.N.Y. Apr. 23, 2019) ('However, where the non-debtor defendant is independently liable to a plaintiff for misconduct—e.g., where the debtor and non-debtors are joint tortfeasors—courts are loath to extend the stay to non-debtors.')." *Id*. The allegations in this case are that the Marcuses are independently liable to Plaintiff for their own actions in aiding and abetting the evasion of the Fischman judgments. Their alleged liability rests on their own breaches and actions or omissions.[1]

---

[1] Although Defendants state their arguments as to why they believe the Amended Complaint should be dismissed, that issue was resolved by the Court on August 23, 2023 when "The parties discussed Defendants' anticipated motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), which the Court advised Defendants is unlikely to succeed in light of the sufficiency of the factual allegations in the Amended Complaint. Moreover, the arguments set forth in Defendants' Pre-Motion Conference letter and articulated by defense counsel during the Pre-Motion Conference ignore the standard of review in a 12(b)(6) motion to dismiss. The parties also discussed Defendants' anticipated motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction. However, the defense arguments are unlikely to succeed given Defendants' contacts and actions in New York." *See* Minute Order dated August 23, 2023. Defendants' motion is scheduled to be filed by November 9, 2023 and we will address the jurisdictional and other arguments at that time.

      In sum, there is no basis to extend the automatic stay in either the Choshen Bankruptcy or the Fischman Bankruptcy to this case. Defendants, and their minions, are trying every way possible to delay this case by seeking a stay of discovery with the barrage of letter-motions filed with this Court and with Magistrate Judge Lindsay over the past two weeks. Defendants are already in violation of the provision in the Rule 26(f) Report that required them to circulate a draft confidentiality agreement by October 12, 2023, so that such an agreement can be filed by October 19, 2023. The Court has already ruled that discovery in this case is to proceed. Nothing has happened since then that would require the Court to "reconsider the posture of this case."

      Thank you for your attention to this matter.

      Respectfully submitted,

**LAW OFFICES OF ELLIOT J. BLUMENTHAL, PLLC**

By: _/s/ Elliot J. Blumenthal_
ELLIOT J. BLUMENTHAL

cc: Levi Huebner, Esq.
     Asher Perlin, Esq.
     Eric Berry, Esq.