UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

**Plaintiff / Petitioner:**
SHALOM S MADENBAUM

**Defendant / Respondent:**
SEYMOUR H. MARCUS aka SY H. MARCUS and ELLEN REA MARCUS

**AFFIDAVIT OF SERVICE**

Index No:
23 CIV 3039

The undersigned being duly sworn, deposes and says; deponent is not a party herein, is over 18 years of age. That on Thu, Aug 15 2024 AT 09:57 AM AT 710 HURLEYVILLE RD, LOCH SHELDRAKE, NY 12759 deponent served the within SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; FEDERAL RULE OF CIVIL PROCEDURE , $40.00 CHECK on AARON FISCHMAN

[ ] **Personal service delivery:** By delivering a true copy of each to said defendant, personally; deponent knew the person so served to be the person described as said defendant therein.

[ ] **Corporate service delivery:** By serving the above on _____ a domestic corporation, by delivering a true copy thereof to _____ who is the _____ , a person authorized to accept service.

[ ] **Partnership service delivery:** By serving the above on _____ by delivering a true copy thereof to _____ a person authorized to accept service.

[ ] **Substituted service delivery:** By delivering a true copy thereof to _____ a person of suitable age and discretion, at the actual place of business, dwelling house, or usual place of abode.

[X] **Conspicuous service delivery:** by affixing a true copy of each to the door thereof, the deponent was unable with due diligence to find defendant, or a person of suitable age or discretion thereat.

[ ] **Mailing:** On deponent enclosed a copy of same in a postage-paid sealed wrapped properly addressed to at _____ , First Class Envelope Marked "Personal and Confidential" and not indicating on the outside thereof, by return address or otherwise. that the communication is from an attorney or concerns an action against the person to be served and deposited said envelope in (a post office) official depository under the exclusive care and custody the United States Postal Services.

[ ] **Military Service:** Deponent further states upon information and belief that said person so served is not in the Military Service of State of New York or of the United States as that term is defined in either the State or in the Federal statutes.

**Additional Comments:**
1) Unsuccessful Attempt: Aug 13, 2024, 4:36 pm EDT at 710 HURLEYVILLE RD, LOCH SHELDRAKE, NY 12759
Large condominium complex.

2) Unsuccessful Attempt: Aug 14, 2024, 1:20 pm EDT at 710 HURLEYVILLE RD, LOCH SHELDRAKE, NY 12759
The building management last saw him in April, there is a lot of documents posted to his door. Unit number 10-8
The Sheriff has also been attempting to serve per the office.
The office number is 845-436-8359 Ms. Conklin

3) Successful Attempt: Aug 15, 2024, 9:57 am EDT at 710 HURLEYVILLE RD, LOCH SHELDRAKE, NY 12759
Documents were affixed to the door after due diligence was performed.

**Description:**
Age: _____  Skin Color: _____  Gender: _____  Weight: _____
Height: _____  Hair: _____  Relationship: _____
Other _____

_____
ARNOLD SHAPIRO

Sworn to before me on 19th Aug 2024
_____
Notary Public   ANNMARY HALLEN
Notary Public, State of New York
NYS Reg. No. 01HA6093657
Qualified in Sullivan County
Commission Expires June 9, 2027

# AFFIDAVIT OF SERVICE BY MAIL

UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK  CASE NO: 23 CIV 3039
Plaintiff / Petitioner: SHALOM S MADENBAUM
vs.
Defendant / Respondent: SEYMOUR H. MARCUS aka SY H. MARCUS and ELLEN REA MARCUS

I Nasim Dehghani being duly sworn deposes and says: that deponent is not a party to this action, is over 18 years of age.

That on Aug 16, 2024 deponent enclosed a copy of the SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION; FEDERAL RULE OF CIVIL PROCEDURE, $40.00 CHECK in a postage-paid sealed wrapped properly addressed to AARON FISCHMAN at 710 HURLEYVILLE RD, LOCH SHELDRAKE, NY 12759, Envelope Marked "Personal and Confidential" and not indicating on the outside thereof, by return address or otherwise, that the communication is from an attorney or concerns an action against the person to be served and deposited said envelope in (a post office) official depository under the exclusive care and custody the United States Postal Services.

Envelope marked **"Personal and Confidential"**.

[X] FIRST CLASS MAILING First Class Mail Envelope marked "Personal and Confidential"

Sworn to me on the 8/16/24

Notary Public

Brian B. Ricks
Notary Public, State of New York
Reg. No. 01RI6383781
Qualified in New York County
Commission Expires Nov. 26, 2026

Nasim Dehghani

UNDISPUTED LEGAL, INC., 590 MADISON AVENUE, 21ST FLOOR, NEW YORK, NEW YORK, 10022

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| SHALOM S. MAIDENBAUM, <br> *Plaintiff* <br> v. <br> SEYMOUR H. MARCUS aka <br> SY H. MARCUS and ELLEN REA MARCUS <br> *Defendant* | Civil Action No. 23 Civ. 3039 (KAM) (ARL) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To: Aaron Fischman, 710 Hurleyville Rd, Loch Sheldrake, NY 12759

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Zoom Video Conference | Date and Time: 09/26/2024 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/13/2024

CLERK OF COURT               OR    *[signature]*

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* plaintiff Shalom S. Maidenbaum, who issues or requests this subpoena, are:

Berry Law PLLC, 745 Fifth Avenue, 5th Fl., New York, NY 10151, 212-355-0777  berrylawpllc@gmail.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 23 Civ.  3039 (KAM) (ARL)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)**

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).