# CAPETOLA & DIVINS, P.C.

Two Hillside Avenue, Building C, Williston Park, NY 11596
(516) 746-2300 FAX: (516) 746-2318
www.capetoladivinslaw.com

ANTHONY A. CAPETOLA
BYRON A. DIVINS, JR.

HON. JULIANNE T. CAPETOLA (Ret.)
ROBERT P. JOHNSON
AMY SKLAR
BARRY J. FISHER
JENNIFER L. GARBER

CHARLES S. GUCCIARDO
KATHARINE J. RICHARDS
BRAD B. GLASSMAN
Of Counsel

MICHELE CAPETOLA JOHNSON
HOPE TUBER
CHELSEA MCGRATH
CHERYL L. JAKINOVICH
MICHAELA HERNANDEZ
BRITTANY DOLAN
ALEXANDRA MULÉ
PHYLLIS RANDAZZO-DIVINS

October 14, 2024

<u>VIA ECF</u>
Hon. Arlene Lindsay
United States Magistrate Judge
Unite States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722

    Re:    Maidenbaum v. Marcus
            Case No.: 23-Civ.-3039 (KAM)(ARL)

Dear Judge Lindsay:

    This office represents Seymour H. Marcus ("Seymour") and Ellen Rea Marcus ("Ellen"), defendants in the above entitled action. The purpose of this letter is to respond to the letter of October 9, 2024 from Eric W. Berry, Esq., counsel for plaintiff, requesting modification of the discovery stay issued on September 26, 2024.

    We respectfully submit that the request should be denied. This action was commenced by the plaintiff making the specific claim that defendant Sy Marcus had purchased stock in a corporation known as Ultimax Corp from a judgment debtor, Aaron Fischman. The Amended Complaint further alleges that Mr. Marcus paid for the stock by hiring a law firm and having that firm pay fees incurred by Mr. Fischman. The theory of plaintiff as I understand it is that Mr. Marcus should have paid cash to Mr. Fischman for the stock so that the plaintiff could have (hopefully on his part) seized that money in partial satisfaction of his judgment against Mr. Fischman.

    As I have advised counsel for plaintiff, both my client and the management of Ultimax Inc have advised me that Mr. Marcus never bought any stock from Mr. Fischman and that instead, Mr. Marcus subscribed to purchase stock directly from the corporation. Those fact, it seems to me would completely refute the plaintiff's allegations.

Since the production of the subscription agreements and proof of payment demonstrating that stock was subscribed to by Mr. Marcus from Ultimax Corp cannot possibly lend any assistance to the plaintiff's case, it is difficult to discern why we should have to go to the additional expense, time, and effort on top of what has already been wasted on what now appears to be a totally baseless claim.

Under the circumstances presented, it is submitted that the request should be denied at this time. If the District Court Judge grants the motion to dismiss, the case is over, although I have no doubt that Mr. Berry will concoct some new theory and begin another lawsuit in its place. If the District Court Judge denies the motion than we can proceed with discovery, including the deposition of the plaintiff, who perhaps can explain (and perhaps not) exactly why he is seeking to collect on notes and judgments for which he never paid a dime.

Respectfully,

ANTHONY A. CAPETOLA

cc: All counsel via ECF